# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LANE W. HALL,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0837**  (BOR Appeal No. 2050304)
(Claim No. 2012026135)

**ALCON/OMEGA,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lane W. Hall, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcon/Omega, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 30, 2015, in which the Board affirmed a February 26, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 16, 2014, decision denying a request to add intervertebral disc disorder with myelopathy at L4-5 and lumbar radiculopathy as compensable components of Mr. Hall's claim for workers' compensation benefits.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The Office of Judges refers to intervertebral disc disorder with myelopathy at L4-5 as an L4-5 disc herniation. However, in his diagnosis update request Dr. Shramowiat clearly indicated that he is specifically requesting that diagnosis code 722.73, which is enumerated within the International Classification of Diseases, Ninth Revision (ICD-9), be added as a compensable component of the claim. This diagnosis code specifically references intervertebral disc disorder with myelopathy.

Mr. Hall sustained a compensable lumbar strain/sprain on April 10, 2011, while repeatedly climbing a ladder when servicing a gantry crane. He is currently requesting that intervertebral disc disorder with myelopathy at L4-5 and lumbar radiculopathy be added as compensable components of his claim.

The evidence of record clearly indicates that Mr. Hall has been receiving ongoing treatment for lower back pain following an injury that occurred on June 20, 2004. Approximately four months after the June 20, 2004, injury, he was diagnosed with degenerative disc disease and a disc herniation at L4-5. Also following the June 20, 2004, injury, Mr. Hall began receiving treatment from Michael Shramowiat, M.D., for right-sided lower back pain with radiation into the legs. Dr. Shramowiat noted that Mr. Hall has been diagnosed with a disc herniation at L4-5 and also diagnosed him with lumbar radiculopathy, lower back pain, and a lumbosacral strain. At the time of the April 10, 2011, injury Mr. Hall was continuing to receive treatment from Dr. Shramowiat. Additionally, approximately four years after the June 20, 2004, injury, Bruce Guberman, M.D., performed an independent medical evaluation and diagnosed Mr. Hall with right-sided L5 radiculopathy and a disc herniation at L4-5.

Two-and-a-half years after the April 10, 2011, injury, on September 23, 2013, a lumbar spine MRI was performed and revealed evidence of a disc protrusion at L4-5 with lateral recess narrowing at the right abutment of the L5 nerve root. Seven months later, Dr. Shramowiat filed a diagnosis update request listing the date of injury as April 10, 2011. Dr. Shramowiat requested that the diagnoses of intervertebral disc disorder with myelopathy at L4-5 and lumbar radiculopathy be added as compensable diagnoses. As evidence, Dr. Shramowiat cited the results of the September 23, 2013, lumbar spine MRI. The claims administrator denied Dr. Shramowiat's request to add intervertebral disc disorder with myelopathy at L4-5 and lumbar radiculopathy as compensable components of Mr. Hall's claim on May 16, 2014.

Following the claims administrator's decision, Jerry Scott, M.D., performed an independent medical evaluation. After reviewing Mr. Hall's medical record, he opined that the diagnoses of intervertebral disc disorder and lumbar radiculopathy clearly predate the April 10, 2011, injury. Dr. Scott further opined that Mr. Hall's current symptoms arise from secondary conditions which pre-existed the April 10, 2011, injury. In particular, he noted that Mr. Hall's current complaints are very similar to those he reported prior to the April 10, 2011, injury. Dr. Scott further noted that Mr. Hall was diagnosed with L5 radiculopathy, degenerative changes in the lumbar spine, and an L4-5 disc herniation several years before the April 10, 2011, injury.

In its Order affirming the May 16, 2014, claims administrator's decision, the Office of Judges held that Mr. Hall has failed to establish that he developed the diagnoses currently at issue in the course of and resulting from his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 30, 2015. On appeal, Mr. Hall asserts that the diagnoses at issue should be added as additional compensable components of the claim because his treating physician, Dr. Shramowiat, has requested that they be added as additional compensable diagnoses.

2

The Office of Judges found that the evidence of record clearly demonstrates that the diagnoses at issue pre-existed the April 10, 2011, injury, which is the subject injury of the instant claim. Specifically, the Office of Judges noted that there are numerous medical documents contained within the evidentiary record which establish that Mr. Hall was diagnosed with lower back pain, L5 radiculopathy, a disc herniation at L4-5, and degenerative disc disease several years prior to the April 10, 2011, injury. Finally, the Office of Judges found that the opinions expressed by Dr. Scott corroborate its conclusions that the diagnoses at issue should not be added as compensable components of Mr. Hall's claim. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II